# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY HEADRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-1683 CDP |
| DALE GLASS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Timothy Headrick for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $2.38. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will partially dismiss the complaint, and direct the Clerk of Court to issue process upon the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $11.88, and an average monthly balance of $8.81. The Court will therefore assess an initial partial filing fee of $2.38, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to

"assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff is a pretrial detainee at the St. Louis City Justice Center.[1] He brings this action pursuant to 42 U.S.C. § 1983 against five defendants: Dale Glass (the St. Louis Corrections Commissioner); Adrian Barnes (the St. Louis City Justice Center Superintendent); Dr. Fe Fuentes, Unknown Dahm and Unknown Troupe. He sues the defendants in their official and individual capacities. He alleges as follows.

Plaintiff asserts that due to a prior incident at the St. Louis City Justice Center, he had a cast on his leg. He claims that he asked both Dr. Fuentes and his Caseworker, Officer Dahm, on three separate occasions to move him from general population to the Justice Center infirmary in order to protect him from attack from other inmates due to the cast on his leg. Plaintiff states that each time he asked to be moved he was told no by defendants Dahm and Fuentes even though other inmates who were on crutches or in wheelchairs were allowed to stay in the infirmary. Plaintiff alleges that on May 4, 2018, he was attacked by another inmate at the Justice Center. Plaintiff states that he was kicked and punched until he was bleeding, and he claims that when he next saw Dr. Fuentes he told her that he didn't want to live in general population as a result of the prior attack and his cast. Plaintiff asserts that Dr. Fuentes told him, "People who write grievances get attacked. Welcome to the Justice Center."

---

[1] Review of Missouri Case.net shows that plaintiff is a defendant in four criminal cases that are currently pending in the Circuit Court for the City of St. Louis. *See State v. Timothy Headrick*, No. 1822-CR00012-01 (22nd Jud. Cir. 2018); *State v. Timothy Headrick*, No. 1822-CR00013-01 (22nd Jud. Cir. 2018); *State v. Timothy Headrick*, No. 1822-CR00014-01 (22nd Jud. Cir. 2018); *State v. Timothy Headrick*, No. 1822-CR00015-01 (22nd Jud. Cir. 2018). In these cases, plaintiff is facing felony and misdemeanor charges, including first-degree robbery, second degree burglary, property damage, stealing, attempted first-degree robbery, and armed criminal action.

Plaintiff claims that he was written up for fighting and placed in segregation as a result of the incident, and defendant Troupe was assigned to hear his "ticket" in order to give plaintiff a chance to hear his story. It appears that plaintiff is claiming that plaintiff sought an appeal from the finding that he was involved in a fight, and he sought an oral hearing with defendant Troupe. Plaintiff asserts that defendant Troupe denied him due process of law because she never showed up for an oral hearing. Plaintiff believes that defendant Troupe failed to show up because he filed a prior grievance against her, but he has failed to indicate why he believes this. At any rate, plaintiff has failed to articulate that his ultimate stay in administrative segregation as a result of the fight was any different than his time in general population at the St. Louis City Justice Center.

Plaintiff seeks monetary damages in his complaint.

### Discussion

The Court first addresses plaintiff's individual capacity claims against defendants Glass and Barnes. Plaintiff does not allege that either Glass or Barnes was directly involved in or personally responsible for specific violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff's allegations against Glass and Barnes sound in *respondeat superior*. However, such claims are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). The Court concludes that plaintiff has failed to state a cognizable

claim for relief against either Glass or Barnes, and will therefore dismiss these defendants from this action.

Similarly, plaintiff does not allege that defendant Troupe was directly involved in or personally responsible for any incident that directly harmed him. Instead, plaintiff alleges that he had an appeal of his grievance relating to the fighting incident, and that Troupe was the hearing officer. As explained above, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell*, 909 F.2d at 1208. To the extent plaintiff can be understood to allege that Troupe is liable to him because she committed wrongdoing related to failing to review his oral arguments relating to his appeal, such allegations do not state a claim of constitutional significance.

There is no federal constitutional right to have a prison grievance procedure, and neither a state law nor a state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). Plaintiff's conclusory statements that defendant Troupe failed to show up to the hearing because she was in some way upset at him as a result of prior grievances he filed against her cannot, without more, state a claim for relief. These statements wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Additionally, plaintiff's allegations against defendant Troupe for purportedly placing him in segregation fail to state a due process violation. For the Due Process Clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). Plaintiff thus has not stated a claim against defendant Troupe.

The Court now addresses plaintiff's failure to protect allegations against Dr. Fuentes and Unknown Dahm. Plaintiff alleges that, during the time he had a cast on his leg, he asked on three separate occasions not to be kept in general population, but instead to be housed in the prison infirmary for his own safety. He claims that other inmates who were on crutches or in wheelchairs like himself were kept in the infirmary. To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38,

6

844 (1994).The Court believes that plaintiff has made enough allegations to survive § 1915 review on his failure to protect claims against defendants Unknown Dahm and Dr. Fuentes in their individual capacities. As such, the Court will issue process on these claims.

Plaintiff also alleges that Dr. Fuentes kept him in general population and refused to move him to the infirmary while he was on crutches in order to retaliate against him for filing grievances. Plaintiff claims that Dr. Fuentes went so far as to tell plaintiff, "People who write grievances get attacked. Welcome to the Justice Center."

To establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must allege: (1) that he engaged in a protected activity, (2) that the defendants responded with adverse action that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 807–8 (8th Cir. 2012) (internal quotation marks omitted). "[T]he First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures." *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994) (citing *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989)); *see also Nelson v. Shuffman*, 603 F.3d 439, 449-50 (8th Cir. 2010) (inmates have a right to be free from retaliation for using the prison grievance process). Here, plaintiff clearly alleges that he filed grievances concerning inadequate medical care, and that Dr. Fuentes retaliated by failing to place him in the infirmary and instead placed him in general population. Having taken as true and liberally construed plaintiff's allegations, the Court concludes that plaintiff has adequately plead a claim of retaliation in violation of the First Amendment. This claim will be allowed to proceed against Dr. Fuentes in her individual capacity.

7

Plaintiff's official capacity claims against Dr. Fuentes and Caseworker Dahm will be dismissed. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs her, which in this case is the City of St. Louis. To state a claim against a municipality or a government official in his official capacity, plaintiff must allege that a policy or custom of the municipality/governmental entity is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint contains no allegations that a policy or custom of a governmental entity or municipality was responsible for the alleged violations of plaintiff's constitutional rights, and plaintiff therefore fails to state an official-capacity claim against Dr. Fuentes and/or Caseworker Dahm.

Last, plaintiff has filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.38 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that defendants Dale Glass, Adrian Barnes and Unknown Troupe are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants Dr. Fe Fuentes and Unknown Dahm are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel [Doc. #2] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motions Asking Court to Do a Merits Review [Doc. #7 and #9] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the St. Louis City Counselor's Office, as to defendants Dr. Fe Fuentes and Unknown Caseworker Dahm in their individual capacities.

A separate Order of Partial Dismissal will be entered herewith.

Dated this 10th day of May, 2019.

　　　　　　　　　　　　　　　　_/s/ Catherine D. Perry_
　　　　　　　　　　　　　　　　CATHERINE D. PERRY
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE