UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HEADRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1683 CDP |
| | ) | |
| DALE GLASS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. Since filing the instant case on October 2, 2019 plaintiff has filed a similar action seeking relief pursuant to 42 U.S.C. § 1983 against Dr. Fe Fuentes, relating to events that took place in the present complaint. *See Headrick v. Glass*, No. 4:18-CV-1696 CDP (E.D.Mo.). Briefly summarized, plaintiff's allegations in the two cases are as follows.

In *Headrick v. Glass,* No. 4:18-CV-1696 CDP (E.D.Mo.), plaintiff asserts that in April of 2018, he slipped and fell in the recreation area at the St. Louis City Justice Center and he heard a crack in his foot. He claims that when he was examined by Dr. Fuentes she was deliberately indifferent to his serious medical needs at the time of the break. Plaintiff was taken to SLU Hospital, where his broken ankle was set. Plaintiff also claims that Dr. Fuentes withdrew his Tylenol 4 prescription only four days after his broken ankle was set, leaving him to suffer, and then withdrew his bottom bunk pass, all in deliberate indifference to his medical needs. Moreover, he asserts that Dr. Fuentes acted in retaliation because of the grievances he previously filed against her. *Id.*

In the instant case, plaintiff alleges that his civil rights were violated when Dr. Fuentes and his caseworker at the City Justice Center, Officer Dahm, ignored his pleas not to be placed in

general population when he had a cast on his leg. He claims that it was the usual policy to place inmates who were in casts, on crutches or in wheelchairs in the infirmary, but defendants failed to follow the policy, asserting a failure to protect claim against defendants. He asserts that he told defendants he would be attacked if he went to general population with his injury as a result of a prior attack, but Dr. Fuentes told him, "People who write grievances get attacked. Welcome to the Justice Center." Plaintiff asserts that Dr. Fuentes acted in retaliation.

Rule 42(a) of the Federal Rules of Civil Procedure provides, in relevant part, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."[1] "Whether to consolidate actions under Rule 42(a) is vested in the court's discretion," and "the district court can consolidate actions sua sponte." *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (internal citations omitted). Here, while plaintiff names different defendants in the different complaints, each complaint alleges civil rights violations based upon common questions of both law and fact against the same or similar defendants.

The Court believes that consolidation would serve the interests of justice and avoid unnecessary costs and promote judicial efficiency. If consolidation should occur, the cases would be consolidated into the lowest case number pursuant to Local Rule 4.03.

However, before entering a consolidation order, the Court will allow the parties an opportunity to show cause why consolidation should not occur. The parties shall have twenty-one (21) days to show cause why *Headrick v. Glass,* No. 4:18-CV-1696 CDP (E.D.Mo.) should not be consolidated into the instant action.

Accordingly,

---

[1] The Court notes that Dr. Fe Fuentes has been served in *Headrick v. Glass,* No. 4:18-CV-1696 CDP (E.D.Mo.). However, the Court has not yet attained service through the waiver agreement it maintains with Corizon in the instant action.

**IT IS HEREBY ORDERED** that the parties shall have twenty-one (21) days to show cause why *Headrick v. Glass,* No. 4:18-CV-1696 CDP (E.D.Mo.) should not be consolidated into the instant action.

**IT IS FURTHER ORDERED** that this Memorandum and Order shall be filed in both the instant action and in *Headrick v. Glass,* No. 4:18-CV-1696 CDP (E.D.Mo.).

Dated this 11th day of June, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE