UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HEADRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 1683 CDP |
| | ) | |
| DALE GLASS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on defendant James Dahm's motion to dismiss Missouri state prisoner Timothy Headrick's complaint and defendant Fe Fuentes's motion to consolidate. The matter of Headrick's failure to pay the initial partial filing fee as ordered is also before the Court. For the reasons that follow, I will deny Dahm's motion to dismiss and order consolidation of this action with two other cases pending in this Court: *Headrick v. Glass, et al.*, Case No. 4:18CV1696 CDP; and *Headrick v. Steph, et al.*, Case No. 4:19CV920 AGF. I will also order the institution having custody of plaintiff Headrick to forward payment of Headrick's initial partial filing fee to the Clerk of Court when sufficient funds are available in Headrick's account to do so, and to thereafter begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $350 district court filing fee is paid in full. I will waive the initial partial filing fees

previously assessed in Case Nos. 4:18CV1696 and 4:19CV920 and order the institution to begin making payments in those cases in accordance with § 1915(b)(2) until the filing fees for those cases are paid in full.

The facts alleged in Headrick's complaint are detailed in my Memorandum and Order entered May 10, 2019 (ECF 10) and will not be repeated here except where necessary for purposes of discussion.

**Motion to Dismiss**

Defendant Dahm moves to dismiss Headrick's complaint against him under Rule 12(b)(6), Federal Rules of Civil Procedure, arguing that the complaint fails to state a claim of unlawful failure to protect. I have reviewed Headrick's complaint under the relevant legal standard[1] and conclude that he has sufficiently stated a claim of failure to protect against Dahm.

At all times relevant to the complaint, Headrick was a pretrial detainee housed at the St. Louis City Justice Center.[2] Headrick's claim of failure to protect

---

[1] The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

[2] Headrick is currently incarcerated at Potosi Correctional Center.

brought under 42 U.S.C. § 1983 is therefore analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's prohibition of cruel and unusual punishment. *Holden v. Hirner*, 663 F.3d 336, 340-41 (8th Cir. 2011). The substance of the analysis is largely the same, however. *Id.* at 341.

"A jail official violates the Due Process Clause . . . when he is deliberately indifferent to a substantial risk of serious harm to a pre-trial detainee and fails to protect the detainee." *Glaze v. Byrd*, 721 F.3d 528, 531 (8th Cir. 2013). This standard requires a detainee to make two showings: one objective – that he faced a substantial risk of serious harm, and the other subjective – that "the official knew of and disregarded the risk to the inmate's safety." *Id*; *see also Walton v. Dawson*, 752 F.3d 1109, 1119 (8th Cir. 2014). Here, taking the complaint's allegations as true, Headrick asked Dahm on three separate occasions that he be housed in the infirmary or medical unit while he had a cast on his leg, and not in general population, because the cast and his reliance on crutches made him vulnerable to assault in the general population. Dahm denied his request to transfer to a medical unit. Headrick claims that a Justice Center policy that provided for the placement of inmates with casts, crutches, or wheelchairs in a medical ward rather than in general population gave Dahm prior knowledge that placing inmates with medical conditions or crutches with other inmates posed a danger to the medically-infirm inmates. Given these allegations that Headrick faced a substantial risk of serious

harm because of his vulnerability and that Dahm had prior knowledge of such risk but disregarded it, Headrick has sufficiently stated a claim of failure to protect against Dahm.

To the extent Dahm argues that he could not overrule a medical professional's decision to not transfer Headrick to a medical unit, the determination of whether and to what extent Dahm could place Headrick in a medical ward or in a separate ward that offered additional protection from inmates in general population is a matter more properly addressed on summary judgment. At this stage of the proceedings, Headrick has alleged sufficient facts to allow his claim against Dahm to proceed.

Dahm's motion to dismiss will be denied.

## Motion to Consolidate

As discussed above, Headrick's claims in this action arise generally from his status as an injured and casted pretrial detainee forced to be housed in general population despite his vulnerability to assault in that unit. He claims that Dr. Fuentes's and Officer Dahm's refusal to assign him to a medical unit in the circumstances amounted to a failure to protect him from substantial risk of harm. Headrick also claims that Dr. Fuentes's refusal to make such housing assignment was in retaliation for Headrick's filing of grievances, in violation of Headrick's First Amendment rights.

In Case No. 4:18CV1696 CDP, Headrick claims that, in relation to the same injury and medical circumstance underlying this case, Dr. Fuentes's withdrawal of pain medication and refusal to provide a pass permitting Headrick to use a bottom bunk constituted deliberate indifference to his serious medical needs and was done in retaliation for Headrick's filing of grievances. In Case No. 4:19CV920 AGF, Headrick claims that – again, in relation to the same injury – Dr. Fuentes's failure to assign him to a unit that had a working handicap shower and Nurse Amy Stepp's dragging him across the shower floor after he fell were in retaliation for filing grievances.

Defendant Fuentes moves to consolidate these three actions. I will grant the motion.

Rule 42(a) provides that a court may consolidate actions involving common questions of law or fact. Fed. R. Civ. P. 42(a)(2). The district court has discretion in ruling on a motion to consolidate. *Environmental Prot. Agency v. City of Green Forest, Ark.*, 921 F.2d 1394, 1402 (8th Cir. 1990). The three actions described above involve alleged acts that occurred in relation to Headrick's status as an injured pretrial detainee with his left leg casted and his not being housed in a medical unit at the Justice Center. Headrick's claims of failure to protect, deliberate indifference to serious medical needs, and First Amendment retaliation all arise from this underlying factual circumstance. Given that these actions

involve common facts and common questions of law, consolidation is warranted to avoid unnecessary costs and to promote judicial efficiency.

Accordingly, the claims set out above in Case No. 4:18CV1696 CDP and Case No. 4:19CV920 AGF that survived review under 28 U.S.C. § 1915 shall be consolidated into this cause of action. All future filings on these claims shall be made in Case No. 4:18CV1683 CDP only, and I will direct the Clerk of Court to administratively close Case No. 4:18CV1696 CDP and Case No. 4:19CV920 AGF. The filing of any return of service of process upon defendant Nurse Amy Stepp in Case No. 4:19CV920 shall be made and docketed in Case No. 4:18CV1683 CDP.

**Payment of Filing Fees**

Upon Headrick's filing of the three cases at issue here, the Court conducted the review required by 28 U.S.C. § 1915(b)(1) and ordered Headrick to pay an initial partial filing fee in each case, with such fee to be paid within thirty days of being ordered to do so. In this case, Case No. 4:18CV1683, Headrick was ordered to pay an initial partial filing fee of $2.38 within thirty days of May 10, 2019. In Case No. 4:18CV1696, Headrick was ordered to pay $2.38 within thirty days of December 20, 2018. And in Case No. 4:19CV920, Headrick was ordered to pay $2.41 within thirty days of July 17, 2019. In each of these cases, however, the thirty days have long sinced passed, and Headrick has neither paid the initial partial filing fee in any of these cases nor provided any reason for his failure to do

so.

"Congress enacted [the Prison Litigation Reform Act] with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Under the statute, a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). "The court shall assess and, when funds exist, collect . . . an initial partial filing fee," which is calculated based on the average monthly deposits or six-month balance of the prisoner's prison account. *Id.*

> *After* payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are fully paid.

28 U.S.C. § 1915(b)(2) (emphasis added). The initial partial filing fee under § 1915(b)(1) and the monthly installment payments under § 1915(b)(2) are assessed on a per-case basis. *See Bruce v. Samuels*, 136 S. Ct. 627 (2016). "[Section] 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees." *Id.* at 631. "The initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4), and no monthly installments are required unless the prisoner has more than $10 in his account, § 1915(b)(2)." *Id.* at 629.

Here, Headrick has not indicated in any of these three cases that he has no

means to pay the initial partial filing fee assessed in each case. Given that I will consolidate the three cases, I will waive the initial partial filing fees previously assessed in Case Nos. 4:18CV1696 and 4:19CV920 and will require payment of the initial partial filing fee in only 4:18CV1683. Headrick is not excused from paying the filing fees in these cases, however.

Upon consideration of the statute, both its language and its purpose, I will order the institution having custody of plaintiff Headrick to forward to the Clerk of Court the initial partial filing fee of $2.38 assessed in Case No. 4:18CV1683, with such payment to be made from Headrick's account when it exceeds $10. *See Losee v. Maschner*, 113 F. Supp. 2d 1343, 1355 (S.D. Iowa 1998) ("By filing a request to proceed *in forma pauperis*, a prisoner consents to deduction of the initial partial filing fee and the remaining installments from his account by prison officials.") (citing *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam)). After payment of this initial partial filing fee, the institution shall forward payments from Headrick's account to the Clerk of Court in accordance with § 1915(b)(2) each time the amount in the account exceeds $10 until the $350 filing fee is fully paid. Having waived the initial partial filing fees in Case Nos. 4:18CV1696 and 4:19CV920, I will order the institution to immediately begin forwarding payments in accordance with § 1915(b)(2) until the filing fee of $350 in each case is paid in full.

Accordingly,

**IT IS HEREBY ORDERED** that defendant James Dahm's motion to dismiss plaintiff Timothy Headrick's complaint [24] is **DENIED**. Defendant Dahm shall answer plaintiff Headrick's claim against him within the time prescribed by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendant Fe Fuentes's Motion to Consolidate Cases [26] is **GRANTED**.

**IT IS FURTHER ORDERED** that Case Nos. 4:18CV1696 CDP and 4:19CV920 AGF are consolidated into this action for all purposes. **All future filings shall be filed in Case No. 4:18CV1683 CDP only**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file and docket in this action plaintiff's complaints in Case Nos. 4:18CV1696 and 4:19CV920 as supplements to the complaint filed in this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file and docket in this action the Memorandum and Order, and Partial Order of Dismissal entered on December 20, 2018 in Case No. 4:18CV1696 (ECF 7 & 8); and the Memorandum and Order, and Partial Order of Dismissal entered on July 17, 2019 in Case No. 4:19CV920 (ECF 7 & 8).

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff Timothy Headrick shall forward to the United States District Court for the

Eastern District of Missouri Clerk's Office (Clerk of Court), the initial partial filing fee of $2.38 assessed in Case No. 4:18CV1683, with such payment to be made from Headrick's account when it exceeds $10. *After payment of this initial partial filing fee*, the institution shall, whenever the amount in Headrick's prison account exceeds $10, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court in accordance with 28 U.S.C. § 1915(b)(2) each time the amount in the account exceeds $10 until the $350 filing fee in Case No. 4:18CV1683 is fully paid.

**IT IS FURTHER ORDERED** that the initial partial filing fees previously assessed in Case Nos. 4:18CV1696 and 4:19CV920 are waived.

**IT IS FURTHER ORDERED** that, for Case Nos. 4:18CV1696 and 4:19CV920, the institution having custody of plaintiff Timothy Headrick shall, whenever the amount in Headrick's prison account exceeds $10, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court in accordance with 28 U.S.C. § 1915(b)(2) each time the amount in the account exceeds $10 until the $350 filing fee in each case is fully paid.

**IT IS FURTHER ORDERED** that defendant Fe Fuentes's Motion to Stay Proceedings Pending Ruling on Motion to Consolidate Cases, filed in Case No. 4:18CV1696 [33] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the time for service of process upon defendant Nurse Amy Stepp under Rule 4(m), Federal Rules of Civil Procedure, remains 90 days from issuance of summons upon her in Case No. 4:19CV920, that is, December 23, 2019. **Failure to effect service of process upon defendant Stepp on or before December 23, 2019, without good cause shown, may result in the dismissal of defendant Stepp without prejudice.** The return of service of process upon defendant Stepp in Case No. 4:19CV920 shall be filed and docketed in Case No. 4:18CV1683 CDP.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this Memorandum and Order in Case Nos. 4:18CV1696 and 4:19CV920. Upon the docketing of this Memorandum and Order in those cases, the Clerk of Court shall administratively close Case Nos. 4:18CV1696 and 4:19CV920.

**IT IS FURTHER ORDERED** that the deadlines set out in any Case Management Orders previously entered in Case Nos. 4:18CV1683, 4:18CV1696, and/or 4:19CV920 are **VACATED**. An Amended Case Management Order will be entered in this consolidated action in due course.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2019.