# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY HEADRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-920 ACL |
| ) | |
| NURSE STEPH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Timothy Headrick for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $2.41. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint, and direct the Clerk of Court to issue process upon the non-frivolous portions of the complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he is not currently employed; that his last employment was in November 2017, when he earned $11.25 every two weeks; that he has received no money in the past twelve months; and that he has no money in a checking or savings account. ECF No. 3. However, the inmate account statement plaintiff submitted in support of his motion indicates otherwise. ECF No. 4. Although the statement only covers approximately a six-week period, it shows plaintiff receiving a payroll tip[1] in both February and March 2019, and that plaintiff received a gift of cash from a friend or family member. Overall, the inmate account statement indicates an approximate average month deposit of $12.05. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee. Therefore, the Court will assess an initial partial filing fee of $2.41, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[1] At the time of the filing of plaintiff's complaint and inmate account statement, he was incarcerated at the Eastern Reception & Diagnostic Correctional Center ("ERDCC"), which is why his account statement reflects a payroll tip from that facility.

that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### The Complaint

Plaintiff is currently incarcerated at Potosi Correctional Center, but he was a pretrial detainee at the St. Louis City Justice Center when the allegations of his complaint took place. Plaintiff brings his complaint under 42 U.S.C. § 1983, against two medical service providers at the City Justice Center: Dr. Fe Fuentes and Nurse Steph. These defendants are employees of Corizon Health, Inc., the company contracted with the State of Missouri to provide medical services to inmates at the City Justice Center. Plaintiff sues both defendants in their official and individual capacities.

On April 20, 2018, plaintiff broke his ankle while playing handball at the City Justice Center. As a result of the break, plaintiff had a full leg cast on his right leg and he was using crutches for mobility. ECF No. 1 at 2. On April 25, 2019, plaintiff filed complaints through the

institutional grievance process against both Dr. Fuentes and Nurse Steph. Plaintiff does not detail the allegations of his grievances except to say that he accused Nurse Steph of "mistreatment." *Id.* at 3.

On the following day, April 26, 2019, plaintiff slipped and fell while going into a non-handicap shower stall. At the time, the handicap shower in his unit was not working. According to plaintiff, before he fell, Dr. Fuentes had been informed by "several correctional officers" that plaintiff needed to be placed in a handicap accessible unit or in the infirmary because the handicap shower in his unit was not working. Despite Dr. Fuentes knowing of plaintiff's cast and the inoperable handicap shower in plaintiff's unit, plaintiff alleges that Dr. Fuentes left him in his general population unit thereby "forcing" plaintiff to use a regular shower stall. ECF No. 1 at 2.

When plaintiff slipped and fell, a medical emergency was called and Nurses Steph and Jones arrived. Plaintiff was screaming due to "excruciating pain" in both his broken ankle and his tailbone. *Id.* at 3. Plaintiff alleges that he could not move, so Nurse Steph told him to hold out his hand by which she dragged plaintiff across the floor. Plaintiff states that the shower floor is a "sandpaper texture" such that his skin was scraped as he was dragged. Plaintiff asserts that Nurse Steph ignored his "cries to stop" the dragging. *Id.* Plaintiff later received treatment for his scraped skin. Plaintiff does not state if he suffered any injuries as a result of his fall in the shower.

Plaintiff alleges that the actions taken toward him by both Dr. Fuentes and Nurse Steph were in retaliation for the grievances he filed against them. Plaintiff also asserts that Nurse Steph's act of dragging him across the floor was a malicious and sadistic attempt to "inflict the wanton infliction of pain by using [the] floor as a meat grinder." ECF No. 1 at 3.

Plaintiff seeks declaratory relief and money damages.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Plaintiff states his legal claims as "deliberate indifference and negligence to [his] medical and safety needs as well as retaliation" in that defendants violated his rights as to due process, equal protection, cruel and unusual punishment, and retaliation. ECF No. 1 at 4.

1. *Due Process Claims*

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Plaintiff does not specify how his due process rights were violated by defendants. Because plaintiff does not allege any procedural protection that was denied him, the Court infers that plaintiff attempts to bring a substantive due process claim. However, any substantive due process claim brought for retaliation is more explicitly covered by plaintiff's First Amendment retaliation claim (discussed below). *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (Supreme Court explained that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'") (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

The Court concludes that because plaintiff's retaliation claims arose out of his attempts to petition for redress of grievances under the prison grievance system, it is the First Amendment that must be the exclusive guide for analyzing plaintiff's retaliation claims. In other words, it is this particular amendment that provides the explicit textual source of constitutional protection,

and therefore, the more generalized notion of Fourteenth Amendment substantive due process should not be used. *See e.g., Cornell v. Woods*, 69 F.3d 1383, 1387-90 (8th Cir. 1995) (analyzing claim of retaliatory discipline exclusively under First Amendment). Thus, because the First Amendment properly covers plaintiff's retaliation claims, the Court will dismiss plaintiff's Fourteenth Amendment due process claims brought against both defendants as frivolous under 28 U.S.C. § 1915(e)(2).

   2. *Equal Protection Claims*

The equal protection clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted). "It protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.' " *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir.1999). Although plaintiff states that his legal claims include an alleged violation of the equal protection clause, plaintiff has not asserted that he belongs to a suspect class or has a fundamental right at stake. Nor has plaintiff asserted that defendants selectively applied any law to him in a discriminatory way. The facts alleged do not support a claim for a violation of equal protection. Plaintiff's claims brought against both defendants under the Equal Protection Clause will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2).

   3. *Eighth Amendment Claims*

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the fourteenth amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S.

153, 173, 183 (1976)).  Plaintiff claims under the Eighth Amendment seem to involve both a claim of inadequate medical care and a claim of a violation of humane conditions of confinement generally.

*A.  Inadequate Medical Care*

Because plaintiff is a pretrial detainee, his claims of inadequate medical care are analyzed under the Fourteenth Amendment rather than the Eighth Amendment.  *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013).  However, because the Fourteenth Amendment gives pretrial detainees "at least as great protection" as the Eighth Amendment gives convicts, courts apply the identical standard as that applied to claims of inadequate medical care brought by convicts.  *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (quoting *Owens v. Scott County Jail*, 328 F.2d 1026, 1027 (8th Cir. 2003)).

To establish that a deprivation of medical care rises to the level of a constitutional violation, plaintiff must plead facts that show that the defendant acted with deliberate indifference to the plaintiff's serious medical needs.  *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).  The test for deliberate indifference consists of two prongs.  *Id.*  First, the plaintiff must show that he suffered from an objectively "serious medical need."  *Id.*  A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted).  Second, the plaintiff must show that the defendant actually knew of, and yet deliberately disregarded, that need.  *Schaub*, 638 F.3d at 914.

Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate."  *Id.* at 914–15 (quoting *Farmer*

*v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)).  The plaintiff must show that the defendant deliberately disregarded a known risk to his health.  Allegations amounting to medical malpractice or negligence, and allegations that establish only the plaintiff's disagreement with treatment decisions, do not state claims of constitutional significance.  *Id.*; *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

None of plaintiff's allegations against Dr. Fuentes or Nurse Steph can be said to state a claim of deliberate indifference to his serious medical needs.  Nothing in the complaint indicates that Dr. Fuentes provided medical treatment to plaintiff after the fall in the shower.  Although plaintiff mentions that Dr. Fuentes treated his broken ankle prior to the fall, he does not allege any deliberate indifference in Dr. Fuentes' treatment of his ankle.

As to defendant Nurse Steph, plaintiff alleges that he suffered scrapes on his skin as a result of being dragged across the shower floor.  This allegation amounts to nothing more than medical malpractice or negligence – if even that.  The factual allegations indicate that Nurse Steph responded promptly to plaintiff's medical emergency in the shower and was attentive to his medical needs at the time.  When plaintiff indicated that he could not move, Nurse Steph attempted to move him herself, presumably for medical reasons.  The action of her dragging him during a medical emergency does not establish that she acted with a mental state equivalent to criminal-law recklessness, and moreover, plaintiff alleges mere skin scrapes as a result of the dragging.

"Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."  *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).  An inmate's injury must be more that *de minimis* to state an Eighth Amendment violation.  *Id.*  Plaintiff says that he experienced pain at the time of the fall but he does not allege any ongoing pain or injury as a result of the fall.  Plaintiff did receive

some treatment in the medical department for skin scrapes, but again, he does not allege any ongoing pain or injury resulting from them. Plaintiff fails to state more than a *de minimis* injury for this alleged Eighth Amendment violation. *Id*.; s*ee also Wyatt v. Delaney,* 818 F.2d 21, 23 (8th Cir.1987) (a light, accidental blow to the face that caused two small scratches inside the prisoner's mouth was *de minimis* ).

### B. Conditions of Confinement Generally

To state a claim for unconstitutional prison conditions, a pretrial detainee must show that (1) the conditions of confinement posed a substantial risk of serious harm and (2) that the prison officials knew of but disregarded, or were deliberately indifferent to, plaintiff's health and safety. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *see Hott v. Hennepin County, Minn.*, 260 F.3d 901, 905 (8th Cir. 2001) (applying deliberate indifference standard to pretrial detainee's conditions-of-confinement claim).

Plaintiff alleges that Dr. Fuentes knew of his broken ankle and the lack of working handicap accessible shower in plaintiff's unit, but that Dr. Fuentes did not move plaintiff to another unit with a handicap accessible shower. However, plaintiff does not state how a handicap shower would have prevented plaintiff from slipping on the shower floor. A slip-and-fall while on crutches could have occurred in any shower stall. There are no facts alleged that support an allegation that a handicap shower would have prevented plaintiff's fall in the shower. Plaintiff does not allege how using a regular shower created a substantial risk of serious harm to him.

Plaintiff's claim is legally frivolous. Plaintiff's lack of access to a working handicap shower while temporarily on crutches, does not constitute a condition of confinement that posed a substantial or excessive risk of serious harm. Nor does this lack of handicap shower establish an extreme deprivation of a necessity of life, as required for pleading an Eighth Amendment

violation. *See Hudson v. McMillian*, 112 S.Ct. 995, 999-1000 (1992) (to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities."); *Wilson v. Seiter*, 111 S. Ct. 2321, 2326 (1991); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995) (for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

Plaintiff's complaint fails to allege sufficient facts of any Eighth Amendment violations on the part of either defendant. As a result, plaintiff's claims for cruel and unusual punishment brought under the Eighth Amendment will be dismissed under 28 U.S.C. § 1915(e)(2).

*4. Retaliation*

To establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must allege: (1) that he engaged in a protected activity, (2) that the defendants responded with adverse action that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 807-08 (8th Cir. 2012) (internal quotation marks omitted). "[T]he First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures." *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994) (citing *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989)); *see also Nelson v. Shuffman*, 603 F.3d 439, 449-50 (8th Cir. 2010) (inmates have a right to be free from retaliation for using the prison grievance process). "An act taken in retaliation for the exercise of a constitutionally protected right under § 1983 is actionable even if the act, when taken for a different reason, would not have been actionable." *Williams v. Department of Corrections*, 208 F.3d 681, 681 (8th Cir. 2000); *see also Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) ("the

retaliatory conduct does not itself need to be a constitutional violation in order to be actionable"); *Freeman v. Blair*, 793 F.2d 166, 178 (8th Cir. 1986) ("an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper").

Here, plaintiff states that he filed grievances against both defendants and that as a result of those filings, Dr. Fuentes denied plaintiff a move to a different unit with a working handicap shower and Nurse Steph dragged him across the rough shower floor. Although these actions alone are not constitutional violations, they are actionable under § 1983 when done in retaliation for the exercise of a constitutionally protected right. *See Williams v. Department of Corrections*, 208 F.3d 681, 681 (8th Cir. 2000) (reversed and remanded for consideration of inferred retaliation claim based on allegation that correctional officer put leg irons on too tightly because of his displeasure with plaintiff's participation in a hearing). Therefore, taking plaintiff's allegations as true and liberally construing the complaint, the Court concludes that plaintiff has adequately plead claims of retaliation in violation of the First Amendment against both defendants.

5. *Official Capacity Claims Against Both Defendants*

Plaintiff's official capacity claims against Dr. Fuentes and Nurse Steph will be dismissed. Naming a government official in her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). Because defendants are employed by Corizon Health, Inc., plaintiff must state a claim against Corizon. In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.,* 984 F.2d 972, 95-76 (8th Cir. 1993). Here, plaintiff has not alleged any policy, custom, or official action of Corizon that is responsible for a violation of his constitutional rights. Therefore,

plaintiff's official capacity claims against both defendants will be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## Appointment of Counsel

Finally, plaintiff's motion for appointment of counsel will be denied without prejudice to refiling at a later time. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.41 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants Dr. Fe Fuentes and Nurse Steph are **DISMISSED without prejudice** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's individual capacity claims against defendants Dr. Fe Fuentes and Nurse Steph for violations of due process, equal protection, and cruel and unusual punishment under the Eighth Amendment are **DISMISSED without prejudice** because they are legally frivolous or fail to state a claim upon which relief can be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendants Dr. Fe Fuentes and Nurse Steph in their individual capacities as to plaintiff's claims of First Amendment retaliation, pursuant to the service agreement the Court maintains with Corizon.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this order of partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 17th day of July, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE